R. A. & E. A. GRANT v. WILLIAM QUINSELL.

(No. 548, Tex. L. J., vol. 2, p. 570.)

APPEAL from Harris County.   Opinion by WHITE, J.

§ 733. *Injunction; authority of county court to issue.* Suit was commenced by petition for injunction in the county court to restrain and enjoin appellants from interfering with the collection of one month's rent due from one Levy, which said rent amounted to the sum of $30. On final hearing, the court perpetuated the injunction and rendered judgment for costs in favor of appellee. The only question in the case is whether the county court had authority to issue the writ of injunction in an original proceeding to restrain the collection of a sum not coming within the jurisdiction of that court. In civil cases the original jurisdiction of the county court is confined to those cases "where the matter in controversy shall exceed in value $200, and not exceed $500, exclusive of interest." [Const. art. V, sec. 16; Acts 15th Leg. p. 19, sec. 3; Acts 15th Leg. p. 172, sec. 1.] It is further provided in the constitution that the county courts shall have appellate jurisdiction in cases originating in justices' courts where the judgment appealed from shall exceed $20, exclusive of costs. [Const. art. V, sec. 16.] In the same section it is further provided that the

county courts or judges' thereof shall have power to issue writs of *mandamus,* injunction and all other writs necessary to the enforcement of the jurisdiction of said courts. [Art. V, sec. 16; Acts 15th Leg. p. 19, sec. 5.] It appears, then, that county courts can only issue the writ of injunction in cases necessary to the enforcement of the jurisdiction of said courts. The greatest extent to which the courts have gone in sustaining the jurisdiction of county courts in issuing the writ of injunction, where the amount in controversy was below the jurisdiction of said courts, was in those cases where proceedings had primarily been commenced in justices' courts, and the injunction was sought as an auxiliary or ancillary process. In such cases, by virtue of the fact that appellate jurisdiction was vested in the county court, the right to issue the injunction was held to be within, and could be used when necessary to the enforcement of its jurisdiction, and in the case at bar, had the suit been brought in the justice's court in the first instance, doubtless the county court might have been applied to and could have issued the injunction as an auxiliary proceeding to restrain the collection of the $30. But as a primary original proceeding, we do not believe that the county court can issue an injunction, and in that way acquire jurisdiction of a case not within either its original or appellate jurisdiction.

March 5, 1879.          Reversed and dismissed.